## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03422

ARAPAHOE SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
HAMPDEN SURGERY CENTER, LLC,
KISSING CAMELS SURGERY CENTER,
LLC, SURGCENTER OF BEL AIR, LLC, and
WESTMINSTER SURGERY CENTER, LLC,

       Plaintiffs,

v.

CIGNA HEALTHCARE, INC.,
CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
CIGNA HEALTHCARE - MID-ATLANTIC, INC., and CIGNA
HEALTHCARE OF COLORADO, INC.,

       Defendants.

_____

## [PROPOSED] STIPULATED PROTECTIVE ORDER
_____

Plaintiffs and Counterclaim Defendants Arapahoe Surgery Center, LLC ("Arapahoe"), Cherry Creek Surgery Center, LLC ("Cherry Creek"), Hampden Surgery Center, LLC ("Hampden"), Kissing Camels Surgery Center, LLC ("Kissing Camels"), SurgCenter of Bel Air, LLC ("Bel Air"), Westminster Surgery Center LLC ("Westminster"), and Surgical Center Development, Inc. d/b/a SurgCenter Development ("SurgCenter") (collectively, "Plaintiffs and Counterclaim Defendants") and Defendants and Counterclaim Plaintiffs Cigna Healthcare, Inc., Connecticut General Life Insurance

Company, Cigna Health and Life Insurance Company, Cigna Healthcare - Mid-Atlantic, Inc., and Cigna Healthcare of Colorado, Inc. (collectively, "Cigna") (individually, a "Party" and collectively, the "Parties") anticipate that certain of their confidential business records, as well as those of non-parties, may be produced in discovery in the above-captioned action (the "Action") and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Protective Order ("Protective Order") to provide such protection according to the terms and conditions set forth below. To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

1.     This Protective Order shall apply to all documents, electronically stored information, materials, and information disclosed, filed or served in this Action pursuant to the Federal Rules of Civil Procedure or the Local Rules of Practice, including without limitation, documents and data produced by any party or non-party, answers to interrogatories, responses to requests for production, response to requests for admission, expert disclosures, and deposition testimony.

2.     Upon full execution of an agreement in the form attached hereto as Exhibit B between the Parties to the above-captioned Action and the HCA Parties (as defined below), each Party to the above-captioned Action shall have the right to use in this Action all materials produced and associated with the *HCA* Action (as defined below), pursuant to the Protective Orders in the *HCA* Action, including documents and data

2

produced by any party or non-party, answers to interrogatories, responses to requests for production, response to requests for admission, expert disclosures, and deposition testimony.  The "HCA Action" shall refer to *Kissing Camels Surgery Center, LLC et al v. HCA, Inc., et al.*, 12-cv-3012 (D. Colo.)  The "HCA Parties" shall refer to those entities that are or have been parties or participated in discovery in the HCA Action, including HCA Inc., HCA-HealthONE LLC, Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado, Colorado Ambulatory Surgery Center Association, Audubon Ambulatory Surgical Center, LLC, Aetna, Inc., United Healthcare of Colorado, Inc., Centura Health Corporation, the Kaiser Foundation Health Plan of Colorado, Humana Health Plan, Inc., Pinnacle III, Arapahoe, Cherry Creek, Hampden, and Kissing Camels.

3.     As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A).

4.     As used in this Protective Order, "Confidential Information" is information that the designating party or non-party believes in good faith is not in the public domain and which constitutes, contains or reflects confidential business, research, development, commercial, financial or personal information, such as confidential patient information.[1]

5.     As used in this Protective Order, "Highly Confidential Information" is information that the designating party or non-party believes in good faith is Confidential

---

[1]   This Protective Order is a HIPAA-compliant "qualified protective order" pursuant to 45 C.F.R. § 164.512(e)(1)(v).

Information that, if disclosed, might give an unfair competitive or business advantage to another person or entity, or create a substantial risk of injury to the designating party or non-party, such as trade secret or other sensitive proprietary information.

6.    Any document that contains confidential, proprietary, or personal financial or health information may be designated as Confidential or Highly Confidential Information by stamping the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, clearly and conspicuously on the face of each document containing such information or in the metadata of the document if produced in native format.  For a multi-page document, each page containing Confidential or Highly Confidential Information shall be stamped separately.

7.    All documents and materials produced in the Action shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this Action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided in this Protective Order.

8.    Documents containing Confidential Information shall not be disclosed without the consent of the producing Party or further Order of the Court, *except that* such information may be disclosed to:

8.1    the Parties in this Action to the extent reasonably necessary to allow them to assist in the preparation or conduct of pre-trial, trial, and post-trial proceedings in this Action;

8.2    counsel of record for the Parties in this Action, and the personnel who are directly employed or retained by counsel of record for the purpose of assisting with, or working on, this Action;

8.3     expert witnesses and consultants, such as e-discovery vendors, that are retained in connection with this Action, to the extent such disclosure is necessary for preparation for trial or other proceedings in this Action;

8.4     the Court and its officers, including stenographic reporters and videographers engaged to transcribe or record court proceedings and sworn testimony in this Action;

8.5     counsel of record for the *HCA* Parties in the HCA Action as permitted by the Agreement Regarding the Production of Materials from Related Action; and

8.6     other persons by written agreement of the Parties.

9.     Except as noted in Paragraph 10, documents containing Highly Confidential Information shall be subject to the same restrictions as Confidential Information, *except that* Highly Confidential Information may be disclosed <u>only</u> to those persons identified in subparagraphs 2–6 of paragraph 8 of this Protective Order. Parties or their employees, however, may be shown documents marked "HIGHLY CONFIDENTIAL" during a hearing or trial.

10.     To the extent that documents containing Highly Confidential Information reflect the following categories of information, such information may be disclosed to in-house counsel of the receiving Party in addition to those persons identified in subparagraphs 2–6 of paragraph 8 of this Protective Order:

10.1     Internal proprietary policies and procedures with respect to the Parties' operations, including without limitation accounting procedures, financial procedures, general operations, employment policies, standard operating procedures, patient care, and billing practices.

10.2     Documents and reports reflecting Patient financial information relating to claims submitted by or to any of the receiving Parties, including without limitation billing data, insurer reimbursement received, calculation of insurer reimbursement, calculation of charges, and/or patient payments for various procedures.

11.     The determination of whether Highly Confidential Information falls under subparagraphs 1 and 2 of Paragraph 10 shall be made by the receiving Party's counsel. To the extent that the receiving Party's counsel cannot in good faith determine whether Highly Confidential Information falls under these subparagraphs, the Parties shall meet and confer regarding the treatment of such information.  If the Parties cannot come to an agreement within five (5) business days after the time the notice is received, the Parties shall notify the Court of their dispute.  The disputed information shall not be disclosed to in-house counsel until the Court rules on the motion

12.     Should a Party believe that effective prosecution of the claims or defenses requires disclosing to in-house counsel categories of Highly Confidential Information outside of the subparagraphs 1 and 2 of Paragraph 10, the receiving Party shall provide written notice to the designating Party and the Parties shall meet and confer within five (5) days to determine whether such category of information can be disclosed to in-house counsel.  If the Parties cannot come to an agreement within five (5) business days after the time the notice is received, the Parties shall notify the Court of their dispute.  The disputed information shall not be disclosed to in-house counsel until the Court rules on the motion.

13.     Prior to disclosing any Confidential or Highly Confidential Information to any person listed above (other than counsel of record and their employees, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Stipulated Protective Order attached hereto as Exhibit A, which

states that he/she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

14.     Documents and other information produced by non-parties shall be treated as Highly Confidential Information for fourteen (14) days after such documents and information are produced, during which time any Party may designate any document or information as Confidential or Highly Confidential Information by letter to all other Parties in the Action.

15.     Deposition transcripts in this Action shall be treated as Highly Confidential Information until thirty (30) days after receipt of a final copy of the transcript, during which time any Party (or non-party deponent) may designate any portion or all of any transcript as Confidential or Highly Confidential Information by letter to all other Parties in the Action.  Additionally, any Party or non-party participating in a deposition may designate any portions of the transcript of the deposition as Confidential or, Highly Confidential Information during the recording of such deposition.  No person shall be present during portions of the depositions designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless such person is an authorized recipient of Confidential or Highly Confidential Information pursuant to paragraphs 8 and 9, respectively, of this Protective Order.

16.     Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

17.     A Party may object to the designation of particular Confidential or Highly Confidential Information by giving written notice to the Party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential or Highly Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  Such motion shall be filed within twenty (20) business days after the time the notice is received.  If such a motion is timely filed, the disputed information shall be treated as Confidential or Highly Confidential Information under the terms of this Protective Order until the Court rules on the motion.  If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Highly Confidential Information and shall not thereafter be treated as Confidential or Highly Confidential Information in accordance with this Protective Order.  In connection with a motion filed under this provision, the Party designating the information as Confidential or Highly Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Highly Confidential Information.

18.     Upon termination or resolution of this Action, the Parties shall within sixty (60) days return to the producing Party all materials marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (and any copies thereof) or destroy them.  Counsel for each Party shall furnish a certificate of compliance that all Confidential and Highly

Confidential Information produced to the Party, as well as all summaries, excerpts, or copies of such materials, have been returned or destroyed.

19.     The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential or Highly Confidential Information that is received or disclosed pursuant to this Protective Order.

20.     The inadvertent production of any document protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privilege or immunity shall not constitute a waiver of the privilege or protection, either as to the produced document or any other documents, or otherwise affect the right to withhold such document(s) from production as privileged or otherwise protected from discovery. In the event that any privileged or protected document(s) is produced during discovery in this Action, the Party or non-party claiming the privilege or protection may notify all Parties in writing of the inadvertent disclosure and request the destruction of such document(s).   If a request is made in good faith to return any such inadvertently produced document(s), the Party(ies) or non-party(ies) that received the document(s) shall within five (5) business days of receipt of such request, confirm in writing that it has destroyed all copies thereof and deleted any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains, and that it has destroyed any work product that incorporates such document or information.  The status of the document(s) as privileged or otherwise protected from discovery shall be deemed to be restored upon the making of such a request.  If, however, the Party claiming privilege either (i) expresses the intent to use such document (or information contained

therein) at a hearing, deposition, or trial, or (ii) uses such document (or information contained therein) at a hearing, deposition, or trial, that Party's right to assert the privilege or protection and to request destruction of the document(s) shall be foreclosed. Compliance with this paragraph shall not be deemed to prejudice the rights of any other Party to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, protection, or immunity is invalid; provided, however, that mere inadvertent production of the information or document in the course of this Action shall not be a ground for asserting waiver of the privilege, protection, or immunity.  In the event that a Party intends to challenge the claim of privilege, protection, or immunity, the Party may retain a copy of the inadvertently produced document(s) for such purposes.

21.    This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for them to be heard.

SO ORDERED this 17th day of June, 2014.


BY THE COURT:


s/Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM AND CONTENT

Respectfully submitted,

By: */s/ Edwin P. Aro*
Edwin P. Aro
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202
Telephone: 303.863.1000
ed.aro@aporter.com

Joshua B. Simon
Warren Haskel
Ryan D. McEnroe
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10016
Telephone:  212.446.4800
Facsimile:  212.446.4900

*Counsel for Defendants
and Counterclaim Plaintiffs*

By: */s/ Joe R. Whatley, Jr.*
Joe R. Whatley, Jr.
Colorado State Bar No. 38820
WHATLEY KALLAS, LLP
720 East Durant Avenue, Suite E6
Aspen, CO 81611
Tel: (970) 300-4848
Fax: (970) 427-5536
Email: jwhatley@whatleykallas.com

Edith M. Kallas
WHATLEY KALLAS, LLP
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 447-7060
Fax: (800) 922-4851
Email: ekallas@whatleykallas.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel.: (404) 607-8222
Fax: (404) 607-8451
Email: dwinegard@whatleykallas.com

W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place Tower, Suite 1000
Birmingham, AL 35203
Tel.: (205) 488-1200
Fax: (800) 922-4851
Email: tbrown@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
159 Middle Street, Suite 2C
Portsmouth, NH 03801
Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com

*Counsel for Plaintiffs, Counterclaim
Defendants, and Plaintiffs in Kissing
Camels Surgery Center, LLC et al v. HCA,
Inc., et al., 12-cv-3012 (D. Colo.)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

_____

Civil Action No. 13-cv-03422
_____

ARAPAHOE SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
HAMPDEN SURGERY CENTER, LLC,
KISSING CAMELS SURGERY CENTER, LLC,
SURGCENTER OF BEL AIR, LLC, and
WESTMINSTER SURGERY CENTER, LLC,
     Plaintiffs,

v.

CIGNA HEALTHCARE, INC.,
CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
CIGNA HEALTHCARE - MID-ATLANTIC, INC., and
CIGNA HEALTHCARE OF COLORADO, INC.,
     Defendants.
_____

**EXHIBIT A**

**ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**

     I, _____, have read and understand the

Stipulated Protective Order entered in the above-captioned action (the "Protective

Order").  I understand that confidential documents or other sources of information that

have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to

the Protective Order are to be disclosed to me for use by me solely in connection with

prosecution or defense of claims involved in this action.  I further understand that the

Protective Order prohibits me from either using or disclosing such Documents or other

sources of information for any purpose other than as set forth in and pursuant to the

Protective Order.  If I violate the Protective Order, I understand that I may be held in

contempt of Court, and I submit to the Court's jurisdiction for enforcement of the Protective Order.

Notwithstanding the foregoing, this endorsement shall not apply to any documents or information validly obtained by me or my employer independent from this action.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

_____

Civil Action No. 13-cv-03422

_____

ARAPAHOE SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
HAMPDEN SURGERY CENTER, LLC,
KISSING CAMELS SURGERY CENTER, LLC,
SURGCENTER OF BEL AIR, LLC, and
WESTMINSTER SURGERY CENTER, LLC,

      Plaintiffs,

v.

CIGNA HEALTHCARE, INC.,
CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
CIGNA HEALTHCARE - MID-ATLANTIC, INC., and
CIGNA HEALTHCARE OF COLORADO, INC.,

      Defendants.

_____

**AGREEMENT REGARDING THE PRODUCTION OF MATERIALS FROM RELATED
ACTION**
_____

Plaintiffs and Counterclaim Defendants Arapahoe Surgery Center, LLC

("Arapahoe"), Cherry Creek Surgery Center, LLC ("Cherry Creek"), Hampden Surgery

Center, LLC ("Hampden"), Kissing Camels Surgery Center, LLC ("Kissing Camels"),

SurgCenter of Bel Air, LLC ("Bel Air"), Westminster Surgery Center LLC

("Westminster"), and Surgical Center Development, Inc. d/b/a SurgCenter Development

("SurgCenter") (collectively, "Plaintiffs and Counterclaim Defendants"), Defendants and

Counterclaim Plaintiffs Cigna Healthcare, Inc., Connecticut General Life Insurance

Company, Cigna Health and Life Insurance Company, Cigna Healthcare - Mid-Atlantic, Inc., and Cigna Healthcare of Colorado, Inc. (collectively, "Cigna" or "Defendants and Counterclaim Plaintiffs") (individually, a "Party" and collectively, the "Parties"), and those entities that are or have been parties or participated in discovery in *Kissing Camels Surgery Center, LLC et al v. HCA, Inc., et al.*, 12-cv-3012 (D. Colo.) ("The *HCA* Action") HCA Inc., HCA-HealthONE LLC, Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado, Colorado Ambulatory Surgery Center Association, Audubon Ambulatory Surgical Center, LLC, Aetna, Inc., Centura Health Corporation, United Healthcare of Colorado, Inc., the Kaiser Foundation Health Plan of Colorado, Humana Health Plan, Inc., and Pinnacle III (together with Arapahoe, Cherry Creek, Hampden, and Kissing Camels, the "*HCA* Parties") agree as follows regarding the production of materials in the *HCA* Action to the Parties in the above-captioned Action:

1.     The *HCA* Parties agree that each Party to the above-captioned Action shall have the right to use all materials produced in and associated with the *HCA* Action, including documents and data produced by any party or non-party, answers to interrogatories, responses to requests for production, responses to requests for admission, responses to non-party subpoenas, expert disclosures, and deposition testimony ("*HCA* Action Materials") for any purpose in connection with the above-captioned Action, so long as such use does not violate the terms of *the HCA Protective Orders* (defined in Section 2 of this Agreement) or any protective order entered in the above-captioned Action.  For the avoidance of doubt, the *HCA* Action Materials shall be

used by the Parties to the above-captioned Action or the *HCA* Action solely in connection with the above-captioned Action or the *HCA* Action and for no other purpose, and agree that any breach of this commitment will cause damage and harm to the offended *HCA* Party(ies).

2.      The Parties to the above-captioned Action agree to be bound by and comply with the terms of the protective orders in the *HCA* Action dated April 8, 2013 (D.E. 79) and October 10, 2013 (D.E. 141) (the "*HCA* Protective Orders") with respect to *HCA* Action Materials, and agree that the *HCA* Action Materials shall be afforded any additional protections contained in any protective order entered into in the above-captioned Action.  The Parties to the above-captioned Action also agree to provide to the remaining non-dismissed Defendants in the *HCA* Action any documents produced by Cigna and/or the Colorado-based entities in the above-captioned Action within the scope of any of the discovery requests served by any of the parties in the *HCA* Action, at the time such documents are produced, and pursuant to and subject to the compliance of the party receiving such production with the *HCA* Protective Orders, unless and until the Parties to the *HCA* Action notify the Parties to the above-captioned Action that such production is no longer necessary.  Any disputes regarding compliance with the *HCA* Protective Orders shall be raised with the Court overseeing the *HCA* Action.

3.      To the extent a party notices a deposition in the *HCA* Action, counsel for such party agrees to provide Cigna with sufficient advance notice of all depositions scheduled to take place in the *HCA* Action and to coordinate with Cigna regarding the

scheduling of depositions in the *HCA* Action, so that Cigna may participate in such depositions.  Counsel for the Parties to the above-captioned Action agree to provide the non-dismissed *HCA* Parties with advance notice of all depositions scheduled to take place in the above-captioned Action and to coordinate with the *HCA* Parties regarding the scheduling of depositions in the above-captioned Action, so that the *HCA* Parties may participate in such depositions, unless and until the Parties to the *HCA* Action notify the Parties to the above-captioned Action that such notice and coordination is no longer necessary.

4.     Plaintiffs and Counterclaim Defendants agree to produce to Cigna all *HCA* Action materials in its possession as of the date of this Agreement within two weeks of the execution of this agreement by counsel for the Parties and counsel for the *HCA* Parties, and further to agree to produce to Cigna any additional *HCA* Action Materials produced thereafter at the time such materials are produced.

APPROVED AS TO FORM AND CONTENT

Dated:  June 16. 2014

Respectfully submitted,

By: /s/ Edwin P. Aro
Edwin P. Aro
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202
Tel: (303) 863-1000
ed.aro@aporter.com

By: /s/ Joe R. Whatley, Jr.
Joe R. Whatley, Jr.
Colorado State Bar No. 38820
WHATLEY KALLAS, LLP
720 East Durant Avenue, Suite E6
Aspen, CO 81611
Tel: (970) 300-4848
Fax: (970) 427-5536
Email: jwhatley@whatleykallas.com

Joshua B. Simon
Warren Haskel
Ryan D. McEnroe KIRKLAND & ELLIS
LLP 601 Lexington Avenue
New York, NY 10016
Tel: (212) 446-4800
Fax:  (212) 446-4900
joshua.simon@kirkland.com
warren.haskel@kirkland.co m
ryan.mcenroe@kirkland.com

*Counsel for Defendants and
Counterclaim Plaintiffs*

Edith M. Kallas
WHATLEY KALLAS, LLP
380 Madison Avenue, 23rd Floor
New York, NY 10017
Tel: (212) 447-7060
Fax: (800) 922-4851
Email: ekallas@whatleykallas.com

Deborah J. Winegard
WHATLEY KALLAS, LLP
1068 Virginia Avenue, NE
Atlanta, GA 30306
Tel.: (404) 607-8222
Fax: (404) 607-8451
Email: dwinegard@whatleykallas.com

W. Tucker Brown
WHATLEY KALLAS, LLP
2001 Park Place Tower, Suite 1000
Birmingham, AL 35203
Tel.: (205) 488-1200
Fax: (800) 922-4851
Email: tbrown@whatleykallas.com

Henry C. Quillen
WHATLEY KALLAS, LLP
1259 Middle Street, Suite 2C
Portsmouth, NH 03801
*Tel: (603) 294-1591
Fax: (800) 922-4851
Email: hquillen@whatleykallas.com*

*Counsel for Plaintiffs, Counterclaim Defendants,
and Plaintiffs in Kissing Camels Surgery Center,
LLC et al v. HCA, Inc., et al., 12-cv-3012 (D. Colo.)*

/s/ Kevin J. Arquit

Kevin J. Arquit
SIMPSON THACHER & BARTLETT
LLP 425 Lexington Avenue
New York, NY 10017-3954
Tel: (212) 455-2000
Fax: (212) 455-2502

John A. Francis
Erin McAlpin Eiselein
Natalie West
DAVIS GRAHAM & STUBBS
LLP 1550 17th Street, Suite 500
Denver, CO 80202
Tel: (303) 892-9400
Fax: (303) 893-1379

Abram J. Ellis
SIMPSON THACHER & BARTLETT LLP
1155 F Street, N.W. Washington, D.C. 20004
Tel: (202) 636-5500
Fax: (202) 636-5502

*Attorneys for HCA Inc. and
HCA-HealthONE LLC*

/s/ Kathryn A. Reilly

Kathryn A. Reilly, #37331 Wheeler
Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Tel: (303) 244-1983
Fax: (303) 244-1879
reilly@wtotrial.com

Attorneys for Colorado Ambulatory
Surgery Center Association

/s/ E. Desmond Hogan

Craig A. Hoover
E. Desmond Hogan
HOGAN LOVELLS US LLP
555 13th Street NW
Columbia Square
Washington, DC 20004-1109
Tel: (202) 637-5600
Fax: (202) 637-5910
desmond.hogan@hoganlovells.com
craig.hoover@hoganlovells.com

Michael C. Theis
David A. DeMarco
HOGAN LOVELLS US LLP
1200 17th Street
One Tabor Center
Suite 1500
Denver, CO 80202
Tel: (303) 899-7300
Fax: (303) 899-7333
michael.theis@hoganlovells.com
david.demarco@hoganlovells.com

*Attorneys for Rocky Mountain Hospital
and Medical Service, Inc. d/b/a Anthem
Blue Cross and Blue Shield of Colorado*

/s/ Lawrence J. Katz

Lawrence J. Katz
Foster Graham Milstein & Calisher, LLP
360 South Garfield Street, 6th Floor
Denver, CO 80209
Tel: (303) 333-9810
lkatz@fostergraham.com

Attorney for Audubon Ambulatory
Surgical Center, LLC

/s/ Joshua Lipton

Joshua Lipton
GIBSON, DUNN & CRUTCHER LLP
1500 Connecticut Ave., N.W., 3rd Floor
Washington, DC 20036-5303
Tel: (202) 955-8226
Fax: (202) 530-9536
jlipton@gibsondunn.com

Laura Sturges
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
Tel: (303) 298-5700
Fax: (303) 313-2825


*Attorneys for Aetna, Inc.*

/s/ Jonathan S.
Bender

James E. Hartley
Geraldine A. Brimmer
Jonathan S. Bender
Nadya C. Bosch
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
Tel: (303) 295-8000
jhartley@hollandhart.com
gbrimmer@hollandhart.com
jsbender@hollandhart.com
ncbosch@hollandhart.com

*Attorneys for Kaiser Foundation
Health Plan of Colorado*

/s/ Melvin B. Sabey

Melvin B. Sabey
KUTAK ROCK LLP
1801 California Street, Suite 3100
Denver, CO 80202
Tel: (303) 297-2400
mel.sabey@kutakrock.com

Thomas Demitrack
Robert E. Haffke
JONES DAY
901 Lakeside Avenue East
Cleveland, OH 44114
Tel: (216) 586-7141
tdemitrack@jonesday.com
rhaffke@jonesday.com

Toby G. Singer
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
Tel: (202) 879-4654
tgsinger@jonesday.com


*Attorneys for Centura Health Corporation*


/s/ Andrew D. Ringel

Andrew D. Ringel
Daniel Furman
Hall & Evans, LLC-Denver
1001 17th Street
Suite 300
Denver, CO 80202
Te: (303) 628-3300
Fax: 303-293-3238
ringela@hallevans.com
furmand@hallevans.com


Attorneys for Humana Health Plan, Inc.

/s/ Richard Benenson

Richard B. Benenson
Karl L. Schock
Lawrence W. Treece
Brownstein Hyatt Farber Schreck,
LLP  410 17th Street #2200
Denver, CO 80202-4432
Tel: 303-223-1100
Fax: 303-223-1111
rbenenson@bhfs.com
kschock@bhfs.com
ltreece@bhfs.com

*Attorneys for United Healthcare
of Colorado, Inc.*

/s/ Kelly Duke

Kelly Duke
Ireland Stapleton Pryor & Pascoe,
PC 717 17th Street, Suite 2800
Denver, CO 80202
Direct: (303) 628-3663
Fax: (303) 623-2062
kduke@irelandstapleton.com

*Attorneys for Pinnacle III*