**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-03422

ARAPAHOE SURGERY CENTER, LLC,
CHERRY CREEK SURGERY CENTER, LLC,
HAMPDEN SURGERY CENTER, LLC,
KISSING CAMELS SURGERY CENTER,
LLC, SURGCENTER OF BEL AIR, LLC, and
WESTMINSTER SURGERY CENTER, LLC,

    Plaintiffs,
v.

CIGNA HEALTHCARE, INC.,
CONNECTICUT GENERAL LIFE INSURANCE COMPANY,
CIGNA HEALTHCARE - MID-ATLANTIC, INC., and CIGNA
HEALTHCARE OF COLORADO, INC.,

    Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

Plaintiffs and Counterclaim Defendants Arapahoe Surgery Center, LLC ("Arapahoe"), Cherry Creek Surgery Center, LLC ("Cherry Creek"), Hampden Surgery Center, LLC ("Hampden"), Kissing Camels Surgery Center, LLC ("Kissing Camels"), SurgCenter of Bel Air, LLC ("Bel Air"), Westminster Surgery Center LLC ("Westminster"), and Surgical Center Development, Inc. d/b/a SurgCenter Development ("SurgCenter") (collectively, "Plaintiffs and Counterclaim Defendants") and Defendants and Counterclaim Plaintiffs Cigna Healthcare, Inc., Connecticut General Life Insurance

Company, Cigna Health and Life Insurance Company, Cigna Healthcare - Mid-Atlantic, Inc., and Cigna Healthcare of Colorado, Inc. (collectively, "Cigna") (individually, a "Party" and collectively, the "Parties") anticipate that certain of their confidential business records, as well as those of non-parties, may be produced in discovery in the above-captioned action (the "Action") and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Stipulated Protective Order ("Protective Order") to provide such protection according to the terms and conditions set forth below. To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties, STIPULATED and ORDERED that:

1. This Protective Order shall apply to all documents, electronically stored information, materials, and information disclosed, filed or served in this Action pursuant to the Federal Rules of Civil Procedure or the Local Rules of Practice, including without limitation, documents and data produced by any party or non-party, answers to interrogatories, responses to requests for production, response to requests for admission, expert disclosures, and deposition testimony.

2. Upon full execution of an agreement in the form attached hereto as Exhibit B between the Parties to the above-captioned Action and the HCA Parties (as defined below), each Party to the above-captioned Action shall have the right to use in this Action all materials produced and associated with the *HCA* Action (as defined below), pursuant to the Protective Orders in the *HCA* Action, including documents and data

produced by any party or non-party, answers to interrogatories, responses to requests for production, response to requests for admission, expert disclosures, and deposition testimony.  The "HCA Action" shall refer to *Kissing Camels Surgery Center, LLC et al v. HCA, Inc., et al.*, 12-cv-3012 (D. Colo.)  The "HCA Parties" shall refer to those entities that are or have been parties or participated in discovery in the HCA Action, including HCA Inc., HCA-HealthONE LLC, Rocky Mountain Hospital and Medical Service, Inc. d/b/a Anthem Blue Cross and Blue Shield of Colorado, Colorado Ambulatory Surgery Center Association, Audubon Ambulatory Surgical Center, LLC, Aetna, Inc., United Healthcare of Colorado, Inc., Centura Health Corporation, the Kaiser Foundation Health Plan of Colorado, Humana Health Plan, Inc., Pinnacle III, Arapahoe, Cherry Creek, Hampden, and Kissing Camels.

    3.    As used in this Protective Order, "document" and "electronically stored information" are defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A).

    4.    As used in this Protective Order, "Confidential Information" is information that the designating party or non-party believes in good faith is not in the public domain and which constitutes, contains or reflects confidential business, research, development, commercial, financial or personal information, such as confidential patient information.[1]

    5.    As used in this Protective Order, "Highly Confidential Information" is information that the designating party or non-party believes in good faith is Confidential

---

[1] This Protective Order is a HIPAA-compliant "qualified protective order" pursuant to 45 C.F.R. § 164.512(e)(1)(v).

Information that, if disclosed, might give an unfair competitive or business advantage to another person or entity, or create a substantial risk of injury to the designating party or non-party, such as trade secret or other sensitive proprietary information.

6. Any document that contains confidential, proprietary, or personal financial or health information may be designated as Confidential or Highly Confidential Information by stamping the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," respectively, clearly and conspicuously on the face of each document containing such information or in the metadata of the document if produced in native format. For a multi-page document, each page containing Confidential or Highly Confidential Information shall be stamped separately.

7. All documents and materials produced in the Action shall be used solely for the purposes of preparing for and conducting pre-trial, trial, and post-trial proceedings in this Action, and not for any other purpose, and such documents shall not be disclosed to any person or entity except as provided in this Protective Order.

8. Documents containing Confidential Information shall not be disclosed without the consent of the producing Party or further Order of the Court, *except that* such information may be disclosed to:

> 8.1 the Parties in this Action to the extent reasonably necessary to allow them to assist in the preparation or conduct of pre-trial, trial, and post-trial proceedings in this Action;
>
> 8.2 counsel of record for the Parties in this Action, and the personnel who are directly employed or retained by counsel of record for the purpose of assisting with, or working on, this Action;

    8.3    expert witnesses and consultants, such as e-discovery vendors, that are retained in connection with this Action, to the extent such disclosure is necessary for preparation for trial or other proceedings in this Action;

    8.4    the Court and its officers, including stenographic reporters and videographers engaged to transcribe or record court proceedings and sworn testimony in this Action;

    8.5    counsel of record for the *HCA* Parties in the HCA Action as permitted by the Agreement Regarding the Production of Materials from Related Action; and

    8.6    other persons by written agreement of the Parties.

9.    Except as noted in Paragraph 10, documents containing Highly Confidential Information shall be subject to the same restrictions as Confidential Information, *except that* Highly Confidential Information may be disclosed <u>only</u> to those persons identified in subparagraphs 2–6 of paragraph 8 of this Protective Order. Parties or their employees, however, may be shown documents marked "HIGHLY CONFIDENTIAL" during a hearing or trial.

10.    To the extent that documents containing Highly Confidential Information reflect the following categories of information, such information may be disclosed to in-house counsel of the receiving Party in addition to those persons identified in subparagraphs 2–6 of paragraph 8 of this Protective Order:

    10.1    Internal proprietary policies and procedures with respect to the Parties' operations, including without limitation accounting procedures, financial procedures, general operations, employment policies, standard operating procedures, patient care, and billing practices.

    10.2    Documents and reports reflecting Patient financial information relating to claims submitted by or to any of the receiving Parties, including without limitation billing data, insurer reimbursement received, calculation of insurer reimbursement, calculation of charges, and/or patient payments for various procedures.

11. The determination of whether Highly Confidential Information falls under subparagraphs 1 and 2 of Paragraph 10 shall be made by the receiving Party's counsel. To the extent that the receiving Party's counsel cannot in good faith determine whether Highly Confidential Information falls under these subparagraphs, the Parties shall meet and confer regarding the treatment of such information. If the Parties cannot come to an agreement within five (5) business days after the time the notice is received, the Parties shall notify the Court of their dispute. The disputed information shall not be disclosed to in-house counsel until the Court rules on the motion

12. Should a Party believe that effective prosecution of the claims or defenses requires disclosing to in-house counsel categories of Highly Confidential Information outside of the subparagraphs 1 and 2 of Paragraph 10, the receiving Party shall provide written notice to the designating Party and the Parties shall meet and confer within five (5) days to determine whether such category of information can be disclosed to in-house counsel. If the Parties cannot come to an agreement within five (5) business days after the time the notice is received, the Parties shall notify the Court of their dispute. The disputed information shall not be disclosed to in-house counsel until the Court rules on the motion.

13. Prior to disclosing any Confidential or Highly Confidential Information to any person listed above (other than counsel of record and their employees, court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgement of Stipulated Protective Order attached hereto as Exhibit A, which

states that he/she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

14. Documents and other information produced by non-parties shall be treated as Highly Confidential Information for fourteen (14) days after such documents and information are produced, during which time any Party may designate any document or information as Confidential or Highly Confidential Information by letter to all other Parties in the Action.

15. Deposition transcripts in this Action shall be treated as Highly Confidential Information until thirty (30) days after receipt of a final copy of the transcript, during which time any Party (or non-party deponent) may designate any portion or all of any transcript as Confidential or Highly Confidential Information by letter to all other Parties in the Action. Additionally, any Party or non-party participating in a deposition may designate any portions of the transcript of the deposition as Confidential or, Highly Confidential Information during the recording of such deposition. No person shall be present during portions of the depositions designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" unless such person is an authorized recipient of Confidential or Highly Confidential Information pursuant to paragraphs 8 and 9, respectively, of this Protective Order.

16. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

17. A Party may object to the designation of particular Confidential or Highly Confidential Information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential or Highly Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such motion shall be filed within twenty (20) business days after the time the notice is received. If such a motion is timely filed, the disputed information shall be treated as Confidential or Highly Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Highly Confidential Information and shall not thereafter be treated as Confidential or Highly Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as Confidential or Highly Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Highly Confidential Information.

18. Upon termination or resolution of this Action, the Parties shall within sixty (60) days return to the producing Party all materials marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (and any copies thereof) or destroy them. Counsel for each Party shall furnish a certificate of compliance that all Confidential and Highly

Confidential Information produced to the Party, as well as all summaries, excerpts, or copies of such materials, have been returned or destroyed.

19. The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential or Highly Confidential Information that is received or disclosed pursuant to this Protective Order.

20. The inadvertent production of any document protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privilege or immunity shall not constitute a waiver of the privilege or protection, either as to the produced document or any other documents, or otherwise affect the right to withhold such document(s) from production as privileged or otherwise protected from discovery. In the event that any privileged or protected document(s) is produced during discovery in this Action, the Party or non-party claiming the privilege or protection may notify all Parties in writing of the inadvertent disclosure and request the destruction of such document(s). If a request is made in good faith to return any such inadvertently produced document(s), the Party(ies) or non-party(ies) that received the document(s) shall within five (5) business days of receipt of such request, confirm in writing that it has destroyed all copies thereof and deleted any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains, and that it has destroyed any work product that incorporates such document or information. The status of the document(s) as privileged or otherwise protected from discovery shall be deemed to be restored upon the making of such a request. If, however, the Party claiming privilege either (i) expresses the intent to use such document (or information contained

therein) at a hearing, deposition, or trial, or (ii) uses such document (or information contained therein) at a hearing, deposition, or trial, that Party's right to assert the privilege or protection and to request destruction of the document(s) shall be foreclosed. Compliance with this paragraph shall not be deemed to prejudice the rights of any other Party to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, protection, or immunity is invalid; provided, however, that mere inadvertent production of the information or document in the course of this Action shall not be a ground for asserting waiver of the privilege, protection, or immunity.  In the event that a Party intends to challenge the claim of privilege, protection, or immunity, the Party may retain a copy of the inadvertently produced document(s) for such purposes.

21. This Protective Order may be modified by the Court at any time for good cause shown following notice to the Parties and an opportunity for them to be heard.

SO ORDERED this 17th day of June, 2014.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge